# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HSBC Bank USA, National Association, as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-OP2, <br><br> Plaintiff <br> v. <br><br> 3645 Julia Waldene St. Trust, et al., <br><br> Defendants | Case No. 2:17-cv-01565-JAD-VCF <br><br> **Order Granting Summary Judgment for the Defendants Based on Untimeliness of Claims** <br><br> [ECF Nos. 22, 30, 31, 38] |

    This is one of the hundreds of equitable quiet-title actions in this district in which a bank seeks a declaration that the non-judicial foreclosure sale of a home did not extinguish the bank's deed of trust securing a mortgage on that home despite the Nevada Supreme Court's 2014 holding in *SFR Investments Pool 1 v. US Bank* that a properly conducted foreclosure sale to enforce a homeowners' association's superpriority lien extinguishes the first deed of trust.[1] This case pits HSBC Bank—the purported beneficiary of the deed of trust—against the Ahey Estates Homeowners Association (the HOA), foreclosure-sale purchaser 3645 Julia Waldene St. Trust, and its assignee, and all parties now move for summary judgment, asserting a host of arguments. One argument prevails over all others, however: the Bank's claims are time-barred because they were filed nearly a year after the statutes of limitation on them expired. So I grant summary judgment in favor of the purchasers and the HOA, and I dismiss this action as time-barred.

---

[1] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

**Background**

Stevie Laperaze Pearrie purchased the home at 3645 Julia Waldene Court in Las Vegas, Nevada, in 2006, with a mortgage from Option One Mortgage Corporation, secured by a deed of trust.[2] Option One assigned the deed of trust to HSBC Bank in 2010.[3] The home is located in the Ahey Estates common-interest community[4] and subject to its constituent documents, which require the owners of units within this development to pay certain assessments. When Pearrie fell behind on his assessments, the HOA commenced nonjudicial foreclosure proceedings on the home under Chapter 116 of the Nevada Revised Statutes.[5] The 3645 Julia Waldene St. Trust bought it at the foreclosure sale on July 11, 2012,[6] and then transferred the property via grant, bargain, sale deed to the Teal Petals St. Trust just weeks later.[7]

The Nevada Legislature gave homeowners associations a superpriorty lien against residential property for certain delinquent assessments.[8] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[9] The Purchasers

---

[2] ECF No. 30-4 (deed of trust).
[3] ECF No. 30-5 (assignment).
[4] ECF No. 30-4 at 11 (planned-unit rider).
[5] ECF Nos. 30-6–30-13.
[6] ECF No. 30-3 (trustee's deed upon sale).
[7] ECF No. 30-2. Both trusts are collectively referred to herein as "the Purchasers."
[8] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.
[9] *SFR*, 334 P.3d at 419.

contend that the HOA's foreclosure sale wiped out the Bank's deed of trust by operation of NRS Chapter 116.[10]

Four years and eleven months after the foreclosure sale, the Bank filed this action against the Purchasers and the HOA.[11] The Bank pleads five causes of action: two captioned as quiet-title claims, one entitled "Declaratory Relief," one entitled "Permanent and Preliminary Injunction, and a final unjust-enrichment claim against the purchasers alone.[12] All parties move for summary judgment.[13] The first-filed summary-judgment motion belongs to the Purchasers. They argue that the Bank's claims are time-barred by a three- or four-year statute of limitation and, regardless, they fail as a matter of law.[14] The HOA attacks the Bank's claims with similar arguments.[15] The Bank contends that its claims are timely because they are all quiet-title actions governed by a five-year statute of limitations, and it seeks summary judgment in its favor based on a myriad of additional arguments.[16] There is no dispute that this action was filed more than four years after the foreclosure sale. Because I find that the Bank's claims are time-barred as a matter of law, I grant the Purchasers' and HOA's motions for summary judgment in part, deny the Bank's as moot, and do not reach the parties' remaining arguments.

---

[10] ECF No. 30.
[11] ECF No. 1.
[12] *Id.*
[13] The Purchasers also have a pending motion to dismiss. ECF No. 22.
[14] ECF No. 30 (Purchasers' motion).
[15] ECF No. 38 (HOA's motion).
[16] ECF Nos. 31, 34, 47.

**Analysis**

**A.     Sorting the Bank's claims**

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[17] The Bank's first and third causes of action are labeled "quiet title" and their general purpose is to challenge the impact of the foreclosure sale on the deed of trust. This requested equitable relief makes the Bank's claims the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[18] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[19]

The Bank's second cause of action is labeled "declaratory relief," but it, too, is an equitable quiet-title claim. Like the first and third causes of action, this one seeks a determination that the HOA's foreclosure sale "did not extinguish the Deed of Trust, which continued as a valid encumbrance against the Property."[20] The Bank's fourth cause of action is captioned as a claim for "permanent and preliminary injunction."[21] But injunctive relief is not a claim; it's a remedy that rises and falls with the underlying claim it asserts. The claim that underlies this fourth cause of action is the same as its predecessors—an equitable quiet-title

---

[17] *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

[18] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[19] *Id*. at 1112.

[20] ECF No. 1 at 12.

[21] *Id*. at 14.

claim. The Bank's final claim is one for unjust enrichment. It seeks reimbursement for such things as the "taxes, insurance[,] or homeowner's association assessments" that the Bank has paid "since the time of the HOA Sale."[22] So, the Bank's first four claims are equitable quiet-title claims despite their labels, and its fifth claim is a claim for unjust enrichment.

**B.     The Bank's quiet-title claims were time barred four years after the foreclosure sale.**

I first consider the timeliness of the bulk of the Bank's complaint: its quiet-title claims. The bank takes the sweeping position that quiet-title actions in Nevada are governed by the five-year statute of limitation in NRS 11.080, making its claims timely.[23] Though some quiet-title claims in Nevada are governed by this statutory provision, not all of them are. NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the recovery of the possession thereof other than mining claims . . . ."[24] But the Bank's is not an action for the recovery of property or possession of property. If the Bank wins, it gets only a declaration that its lien remains on the property. So NRS 11.080 has no application to the Bank's quiet-title claims.

Nevada's other five-year statute of limitations for some quiet-title claims is found in NRS 11.070. The Bank doesn't specifically mention this statutory provision, but this statute provides a five-year statute of limitations for actions or defenses "founded upon the title to real property or to rents or to services out of the same."[25] The Bank's claims do not fall under NRS 11.070 either, because they are not founded upon title, rents, or services, but rather upon lien rights created by a deed of trust. And although these claims impact or may impact title, they

---

[22] *Id.* at 15.

[23] ECF No. 34 at 15–16.

[24] Nev. Rev. Stat. § 11.080.

[25] Nev. Rev. Stat. § 11.070.

themselves are not founded upon title as NRS 11.070 requires. So the Bank cannot reap the benefits of the liberal five-year limitation period in NRS 11.070 either.

The Bank cites a handful of cases in which other judges in this district have applied these five-year limitation periods to a wide swath of HOA-foreclosure-related claims.[26] With limited exceptions that do not apply here, trial-court opinions are not binding on other trial judges within this district,[27] and I do not find those orders persuasive. They contain no analysis of the language in these statutes or how it relates to an equitable quiet-title claim brought by a deed-of-trust beneficiary. At most, they reference other cases in which a court has offered the same unreasoned conclusion, primarily the Ninth Circuit's opinion in *Weeping Hollow Avenue Trust v. Spencer*[28] and its unpublished disposition in *Scott v. Mortgage Elec. Reg. Sys.*,[29] or the Nevada Supreme Court's holding in *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*.[30] But even those underlying cases are materially distinguishable from this case because the claim that the court was analyzing in each was brought by a titleholder, not a lienholder like the Bank. So, unlike the Bank's claims, those were founded on title or sought to recover

---

[26] *See* ECF No. 34 at 16–17 (collecting cases); *but see, e.g.*, *Nationstar Mortg. LLC v. Safari Homeowners Ass'n*, No. 2:16-cv-02542-RFB-CWH, 2019 WL 121960, at *2 (D. Nev. Jan. 6, 2019) (concluding that "Plaintiff's equitable quiet title claim carries a four-year statute of limitations[ under] the catch-all provision at NRS 11.220."); *Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018) (holding that the four-year catchall limitation period in NRS 11.220 applies to quiet-title claims by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust).

[27] L.R. IA 7-3(f) ("A decision by one judge in this district is not binding on any other district judge . . . and does not constitute the rule of law in this district.").

[28] *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110 (9th Cir. 2016).

[29] *Scott v. Mortgage Elec. Reg. Sys.*, 2015 WL 657874 (9th Cir. Feb. 17, 2015) (unpublished).

[30] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*, 388 P.3d 226 (Nev. 2017).

property, so they were properly governed by the five-year statutes of limitation in NRS 11.070 and 11.080.

But I also cannot agree with the Purchasers and the HOA that the Bank's equitable quiet-title claims are subject to the three-year statute of limitations in NRS 11.090(3)(a).[31] That statute governs actions "upon a liability created by statute, other than a penalty or forfeiture."[32] But the Bank's claims are not actions upon a liability created by statute; they are equitable actions to determine adverse interests in real property, as codified in NRS 40.010.[33] Section 40.010 does not create liability, and a party cannot impose liability upon another through that statute. Rather, the statute allows for a proceeding to determine adverse claims to property. Even if I interpret the bank's quiet-title actions as claims under NRS 116.3116, they still do not seek to impose liability under that statute. So NRS 11.090(3)(a) does not apply.[34]

With no squarely applicable limitation statute for the Bank's equitable quiet-title claims, I am left with the catch-all four-year deadline in NRS 11.220, which states that "[a]n action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action

---

[31] *See* ECF Nos. 30 at 4, 38 at 8.

[32] Nev. Rev. Stat. § 11.190(3)(a).

[33] *See supra* at p. 4; *Shadow Wood HOA*, 366 P.3d at 1111 (recounting that "NRS 40.010 essentially codified the court's existing equity jurisprudence" (comma omitted)).

[34] To the extent that the Purchasers and the HOA argue that I held in *Bank of New York Mellon v. Tierra De Las Palmas Owners Association*, 2:17-cv-02112-JAD-CWH (May 18, 2019), that equitable quiet-title claims are governed by NRS 11.090(3)(a), they grossly misread that order. Because the quiet-title claims in that case were filed more than five years after the foreclosure sale, I did not need to—so I did not—determine which statute applied. *See id*. at 4. I have repeatedly held that equitable quiet-title claims like the Bank's are governed by NRS 11.220's four-year deadline. *See, e.g.*, *Bank of New York Mellon v. The Springs at Centennial Ranch HOA*, No. 2:17-cv-01673-JAD-GWF, 2019 WL 1532859, at *4 (D. Nev. Apr. 8, 2019); *U.S. Bank v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01500-JAD-PAL, 2019 WL 1383265, at *4 (D. Nev. Mar. 27, 2019); *Ocwen Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01757-JAD-VCF, 2018 WL 2292807, at *5 (D. Nev. May 18, 2018).

shall have accrued."[35] Because the foreclosure sale recorded on July 18, 2012,[36] and this action was filed more than four years later on June 2, 2017, the Bank's quiet-title claims are time barred.

**C.     The Bank's unjust-enrichment claim is also time-barred.**

As its final claim, the bank alleges that the Purchasers were unjustly enriched by the foreclosure purchase.[37] Nevada's "statute of limitation for an unjust enrichment claim is four years."[38] The Bank missed that window by more than ten months, so its unjust-enrichment claim against the Purchasers is time-barred, too.

## Conclusion

Because all of the Bank's claims were time-barred when they were filed, I grant summary judgment in favor of the defendants and against the Bank on all of the Bank's claims, and I do not reach the parties' remaining arguments.

IT IS THEREFORE ORDERED that:

- The Purchasers' and the HOA's motions for summary judgment **[ECF Nos. 30, 38] are GRANTED in part and denied in part. This action is DISMISSED as time-barred,** and I do not reach the remaining arguments in those motions;

- The Bank's motion for summary judgment **[ECF No. 31] is DENIED** as moot; and

- The Purchasers' renewed motion to dismiss **[ECF No. 22] is also DENIED** as moot.

. . .

---

[35] Nev. Rev. Stat. §11.220.

[36] ECF No. 30-3 at 2.

[37] *Id*. at 12.

[38] *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (citing NRS 11.190(2)(c)).

IT IS FURTHER ORDERED that the Clerk of Court is directed to ENTER FINAL JUDGMENT in favor of the defendants and CLOSE THIS CASE.

Dated: April 11, 2019

_____
U.S. District Judge Jennifer A. Dorsey